UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN RODRIGUEZ, and VALENTIN ACUNA, individually and on behalf of other employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE PROFESSIONALS, INC., SOUTH EAST PERSONNEL LEASING, INC., and JACOB TWIG,<br><br>Defendants. | Case No. 19-cv-00289<br><br>Hon. Mary Rowland |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE FOR ADDITIONAL COUNSEL TO FILE APPEARANCE AND REQUEST FOR SANCTIONS**

Plaintiffs, by and through their attorneys, SAVINE EMPLOYMENT LAW, LTD. and SIEGEL AND DOLAN, LTD. respectfully request that this Court deny Defendants' Motion for Leave for Additional Counsel to File Appearance for Defendants the Professionals, Inc. and Jacob Twig, and sanction Defendants the Professionals, Inc. and Jacob Twig. In support thereof Plaintiffs state as follows:

1. Plaintiffs, both former employees of Defendants, brought this case on behalf of a predominately Hispanic group of local movers, foremen, local drivers and estimators (collectively "movers") who have worked for Defendants The Professionals, Inc. ("The Professionals"), South East Personnel Leasing, Inc. ("SPLI") and the Professionals' owner Jacob Twig ("Twig"), individually, (collectively, the "Defendants"), for their failure to pay earned wages. As set forth in the Complaint, Plaintiffs allege that Defendants failed to comply with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., and the Illinois Wage Payment and

1

Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*, by not paying Plaintiffs for all compensable work time, including pre-/post-liminary work time and travel time, and not paying overtime. See Complaint, ECF No. 1, 37.

2. The Defendants' proposed additional counsel Burke, Warren, Mackay and Serritella, P.C. are not new to this case. Counsel appeared at its inception and then withdrew on March 26, 2019. ECF. Nos. 15, 17, 25-27.

3. Defendants' proposed counsel's belated reemergence represents the continuation of a long pattern of misconduct by Defendants The Professionals, Inc. and Jacob Twig, dating back to a prior FLSA collection action filed against Defendants in 2015 during which Defendants were represented by the same proposed counsel, and meant solely to harass Plaintiffs, third party witness (and Defendants' former Office Manager) Ana Hernandez and their respective counsel, and to retaliate against Defendants' workers for having engaged in protected activities under the FLSA. 29 U.S.C. §215(a)(3).

4. Last week, on June 23, 2020, the Court granted Plaintiffs' motion to compel Hernandez's response to Plaintiffs' subpoena for Defendants' payroll and related records in her possession. ECF No. 82. Plaintiffs were forced to file the motion to compel after Defendants, having known for eight months of Hernandez's possession of the Professionals' records and Plaintiffs' intention to subpoena same, and having never objected to the subpoena, collaterally attacked the subpoena, first by filing suit against Hernandez on May 1, 2020 over her possession of the documents, and then by sending Plaintiffs' counsel a cease and desist letter on May 21, 2020 demanding that Plaintiffs stop efforts to collect the documents – actions which, taken together, effectively halted Hernandez's previously expressed plans to comply with Plaintiffs' subpoena. See Plaintiffs' Motion to Compel,

ECF. No 73; Defendants' Lawsuit against Ana Hernandez, ECF. No. 81-1, Exhibit A; and Defendants Cease and Desist Letter to Plaintiffs, ECF. No. 73, Ex. D.[1] The Court's June 23, 2020 order instructed Hernandez to provide the records to Plaintiffs through a third-party computer forensics firm, subject to a protocol that would allow Defendants to review the documents and then, within fourteen business days, raise objections before Plaintiffs received the documents. ECF. Nos. 82-83.

5. Pursuant to the Court's June 23, 2020 Order, Plaintiffs retained a forensics firm, Garrett Discovery, and at 6:46 a.m. on July 1, 2020, sent an email to Garrett Discovery (copying Defendants' counsel) confirming Garrett Discovery's retrieval of Hernandez's documents and instructing Garrett Discovery to transfer a copy of the documents to Defendants, thus commencing Defendants' document review and 7-day objection period. See Exhibit A attached hereto, Email from Attorney Gary Savine to Garrett Discovery.

6. Three hours later, at approximately 9:56 a.m., Defendants' proposed counsel Christopher Kentra filed the instant motion for leave to add counsel and, contemporaneous thereto, sent Plaintiffs' counsel an email that reads as follows: *"I am writing to advise you that The Professionals is retaining my firm to investigate potential claims of aiding and abetting, civil conspiracy and tortious interference with contract against plaintiffs' counsel and counsel for Ana Hernandez. To that end, I have filed the attached motion and appearances in The Professionals, Inc. v. Ana Hernandez and Christian Rodriguez, et al. v. the Professionals, et*

---

[1] Plaintiffs first informed Defendants' counsel of Hernandez's possession of company records and Plaintiffs' intention to subpoena them, on October 3, 2019, prompting Defendants to request, and Plaintiffs' to agree, to stay all discovery and to postpone service of the subpoena on Hernandez while the parties attempted mediation. Defendants withdrew from mediation seven months later on May 29, 2020 shortly after Plaintiffs requested to postpone further settlement negotiations until after Plaintiffs served their delayed subpoena on Hernandez. Unbeknownst to Plaintiffs, Defendants filed their lawsuit against Hernandez a few days after Plaintiffs served the subpoena on Hernandez. Defendants failed to notify Plaintiffs (or Hernandez) of the lawsuit against Hernandez, until Defendants learned that Hernandez was prepared to comply with the subpoena three weeks later.

3

*al."* See Exhibit B attached hereto, Email from Defendants' Attorneys Chris Kentra and Morgan Hess to Plaintiffs' Counsel and Counsel for Ana Hernandez; ECF. No. 84.

7. Defendants have identified no factual basis for alleging any misconduct against Plaintiffs' counsel and/or Hernandez' counsel, and no such basis exists. Plaintiffs' counsel issued a subpoena to Ms. Hernandez, and Ms. Hernandez through her counsel responded to the subpoena pursuant to this Court's order. There is nothing improper about such conduct, and in fact, interactions between counsel over subpoenas is common practice in litigation.

8. Defendants' proposed additional counsel Kentra previously defended Defendants the Professionals, Inc. and Twig against an FLSA lawsuit by five movers for substantially the same unlawful pay practices as alleged in this suit, titled *Elkin Carmona et al. v. The Professionals, and Jacob Twig*, Case No. 1:15-cv-8362 (the "Carmona Lawsuit"). During the *Carmona Lawsuit*, Twig convened an all-employee meeting during which the Defendants required the movers to sign contracts to discourage and course them not to participate in the lawsuit. See Amended Complaint, ECF. No. 37, ¶4; "*Acuerdo De Confidencialidad*," attached as Ex A to Declaration of Ana Hernandez, ECF No. 42, p. 9. Twig told the movers that "some (expletive) workers" were trying to "fuck him" by suing him for wages, and that everybody needed to sign the agreement to protect the business. See Declaration of Ana Hernandez, ECF No. 42-1 at ¶18.

9. Defendants' instant motion to re-engage proposed counsel Kentra and accompanying baseless threat of claims against Plaintiffs' and Hernandez's counsel, also come just days after Plaintiffs' verbal notice, proffered during the Court's June 23, 2020 hearing on Plaintiffs Motion to Compel Hernandez's production of records, of Plaintiffs plan to file a

separate motion to re-issue notice pursuant to §216(b) of the FLSA, based on other acts of misconduct by Defendants Professionals and Twig.

10. Defendants motion also comes at the same time that Plaintiffs are preparing their notices of witness depositions, which Defendants certainly know or should know will include the deposition of Ms. Hernandez to allow her to elaborate on Defendants' unlawful acts as set forth in her Declaration of May 6, 2019. See Hernandez Declaration, ECF No. 42-1.

11. Defendants claim in their motion that granting leave to Kentra, Hess, and Burke Warren's additional appearance is not intended to cause any delay, hardship, or prejudice. However, Kentra's email belies this claim. By their counsel's own admission, Defendants seek to re-engage Burke Warren Mackay & Serritella for the sole purpose of harassing Plaintiffs and their counsel (and Hernandez and her counsel).

12. Defendants' attempts to stifle Plaintiffs' FLSA rights by seeking to harass and intimidate Plaintiffs and their counsel should not be tolerated. Given the ill motive in their seeking to reappear now, Burke Warren Mackay & Serritella should be denied leave to file appearances to return to a case that they abandoned fifteen months ago. See Exhibit B.

Wherefore, for the reasons outlined herein, Plaintiffs respectfully request that this Honorable Court:

(1) Deny Defendants' Motion for Leave for Additional Counsel to File Appearance for Defendants, The Professionals, Inc. and Jacob Twig;

(2) Order Defendants the Professionals and Twig to pay Plaintiffs the excess costs, expenses, and attorneys' fees reasonably incurred by Plaintiffs in connection with Defendants' instant motion as a sanction for their conduct; and

(3) Award any additional relief to Plaintiffs as deemed just and appropriate by the Court.

Dated: July 2, 2020

Gary Noah Savine #06238023
Savine Employment Law, Ltd.
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Tel. (312) 788-2668

Marc Siegel, #06238100
Bradley Manewith, #06280535
James D. Rogers, #06324570
Siegel & Dolan Ltd.
150 North Wacker Drive, Suite 3000
Chicago, IL 60606
Tel. (312) 878-3210

Respectfully submitted,

CHRISTIAN RODRIGUEZ and
VALENTIN ACUNA, individually and on
behalf of other employees similarly
situated,

By: /s/ Gary Noah Savine
*One of Plaintiffs' Attorneys*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 2, 2020, a true and accurate copy of the foregoing Plaintiffs' Response to Defendants' Motion for Leave for Additional Counsel to File Appearance and Request for Sanctions was filed via this Court's CM/ECF system and served upon all parties of record, and also served by email to:

      Christopher E. Kentra
      Morgan M. Hess
      Burke, Warren, MacKay & Serritella, P.C.
      330 North Wabash Avenue, 21st Floor
      Chicago, Illinois 60611-3607
      ckentra@burkelaw.com
      mhess@burkelaw.com

      /s/ Gary Noah Savine
      *One of Plaintiffs' Attorneys*