IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN RODRIGUEZ, and VALENTIN ACUNA, individually and on behalf of other employees similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE PROFESSIONALS, INC., SOUTH EAST PERSONNEL LEASING, INC., and JACOB TWIG,<br><br>    Defendants. | Case No. 19-cv-00289<br><br>Hon. Mary Rowland |

**DEFENDANTS', THE PROFESSIONALS, INC. AND JACOB TWIG,
REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
FOR LEAVE FOR ADDITIONAL COUNSEL TO FILE APPEARANCES**

Defendants, THE PROFESSIONALS, INC. ("The Professionals") and JACOB TWIG ("Mr. Twig" and collectively with the Professionals, "Defendants"), by and through their attorneys, respectfully reply to Plaintiffs' Response to Defendants' Motion for Leave for Additional Counsel to File Appearances, and in support thereof state as follows:

**I.    INTRODUCTION**

The issue before the Court is whether Mr. Kentra, Ms. Hess and Burke, Warren, MacKay & Serritella, P.C. ("BWMS") should be given leave of court to file their appearances as additional counsel for Defendants, the Professionals and Mr. Twig. Plaintiffs have objected to the appearances, claiming that it is intended to "harass and intimidate Plaintiffs and their counsel." Of course, Plaintiffs offer no authority to support their opposition to the filing of appearances here because none exists.

Underlying counsel intends to zealously represent the Professionals and Mr. Twig within the requirements of the Rules of Professional Conduct and the rules of this Court. There is no basis

to allow Plaintiffs to dictate which attorneys will represent their opponents in this case and the instant motion should be granted without delay.

## II.   RELEVANT BACKGROUND

### A.   Representation of the Professionals and Mr. Twig

1. On January 15, 2019, Plaintiff's filed their Complaint for alleged unpaid wages against the Defendants. This matter has progressed unresolved for nearly one and a half years since the commencement of this litigation.

2. BWMS previously appeared on behalf of Defendants during the initial stages of this litigation – filing their respective appearances on February 13, 2019. [Dkt. Nos. 15, 17].

3. Thereafter, Defendants' current counsel of Levin Ginsburg, filed their appearances on Defendants' behalf to act as lead counsel in this litigation and this Court accordingly granted Defendants' motion for substitution of counsel. [*See* Dkt. Nos. 29; 31-35].

4. The Plaintiffs in this action previously worked closely with Ms. Ana Hernandez while she was employed by the Professionals.

5. Plaintiffs' co-workers previously sued the Professionals as referenced in the current Plaintiffs' opposition brief, in a case captioned *Elkin Carmona et. al. v. the Professionals and Jacob Twig* (the "Carmona Lawsuit").  However, Plaintiffs fail to expressly acknowledge that the Carmona Lawsuit was resolved on an individual plaintiff basis through voluntary settlement, with Defendants denying all allegations made therein and any liability for the claims stated therein.  Ms. Hernandez was the Professionals' office manager at the time of the Carmona Lawsuit.

6.  On April 27, 2020 Plaintiffs' counsel served Ms. Hernandez with a subpoena seeking documents relating to the Professionals that she had no right to possess as a former employee.

7. On May 11, Ms. Hernandez, through her counsel, informed counsel in this matter that she was in possession of a flash drive which contained responsive documents available to be produced that she took from the Professionals prior to leaving the Company.

8. Ultimately, on May 19, 2020, the Defendants' investigation of the computer used by Ms. Hernandez during her employment at the Professionals indicated that there were documents missing that included Defendants' confidential information, which were responsive to Plaintiff's subpoena. Defendants subsequently notified and informed Plaintiffs' counsel of this fact, of the misappropriation claims Defendants have against Ms. Hernandez, and of the lawsuit Defendants' filed in Cook County against Ms. Hernandez for stealing its confidential records. [*See* Exhibit A attached hereto].

9. Undersigned counsel has been retained to assist in the defense of Plaintiffs' claims, and to investigate Ms. Hernandez's misconduct. Defendants have further interest in investigating the role, if any, of Plaintiffs, Plaintiffs' counsel, and Ms. Hernandez's counsel in Ms. Hernandez's possession of the Professionals confidential information. Plaintiffs opened this door with their subpoena to Ms. Hernandez and it should be fully investigated.

**B. Plaintiffs Have Provided No Support for Their Opposition To Additional Counsels' Appearances, and Have No Basis To Dictate Defendants' Choice Of Counsel**

10. Plaintiffs' opposition brief and purported request for sanctions [*See* Dkt. No. 85] not only fails to provide any legal support for blocking Defendants' choice of counsel, it gives no basis for requesting sanctions. This is particularly true when the only issue before the Court is whether Defendants have the right to associate additional counsel.

11. Plaintiffs' suggestion that the Professionals lawsuit in Cook County against Ms. Hernandez was a collateral attack on Plaintiffs' subpoena, or that it was filed for the sole purpose

of harassing Ms. Hernandez is also baseless. [Defs.' Resp. to Pls.' Mot. to Compel. At ¶1.] The Professionals sued Ms. Hernandez, in part because of her own admission that she is wrongfully in possession of the Professionals' confidential documents, which she unlawfully took when her employment was terminated. Defendants' state court action is also intended to ensure that she comply with her confidentiality agreement with the Professionals, and to recover damages in connection with Ms. Hernandez's alleged breaches of fiduciary duty and theft from the Professionals. [*See id.* at ¶2].

12. In the end, Plaintiffs do not have standing or any supporting authority for their request that two licensed lawyers of good standing, retained at the behest of Defendants be prevented from appearing in this case. Plaintiffs cannot, and have not, cited to any authority to support either their request that this Court deny Defendants' Motion for Leave to File Appearances of Additional Counsel, or their request for sanctions, asserted in their opposition brief. [*See* Dkt. No. *Id*].

13. Granting leave to Kentra, Hess, and Burke Warren's additional appearance will not cause delay, hardship, or prejudice. As such, Defendants respectfully request that this Court grant the Defendants' Motion and permit attorneys Kentra and Hess of Burke, Warren, MacKay & Seritella, P.C to file appearances as additional counsel for Defendants.

WHEREFORE, Defendants, THE PROFESSIONALS, INC. and JACOB TWIG, respectfully request that this Court (1) Enter an Order granting Defendants leave for Christopher E. Kentra and Morgan M. Hess, of Burke, Warren, MacKay & Serritella, P.C., to file appearances as additional counsels for Defendants; (2) Deny Plaintiffs' request for sanctions; and (3) Award any additional relief to Defendants as deemed just and appropriate by the Court.

Dated this 8th day of July, 2020.

                                    Respectfully submitted,

                                    THE PROFESSIONALS, INC. and JACOB TWIG, *Defendants*

                                    By: */s/ Christopher E. Kentra*
                                         One of Its Attorneys

Jonathan M. Weis ARDC No. 6238340
Howard L. Teplinsky ARDC No. 6197501
Walker R. Lawrence ARDC No. 6296405
**LEVIN GINSBERG**
180 N. LaSalle Street, Suite 3200
Chicago, Illinois 60601-2800
Telephone: (312) 368-0100
Telefax: (312) 368-0111
Attorneys for Defendants

Christopher E. Kentra ARDC No. 6211295
Morgan M. Hess ARDC No. 6332804
**BURKE, WARREN, MACKAY & SERRITELLA, P.C.**
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900
*ckentra@burkelaw.com*
*mhess@burkelaw.com*